IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL GIBBS, ON BEHALF OF
HERSELF AND THOSE SIMILARLY
SITUATED,

        CASE NO.:

    Plaintiff,

vs.

FERRENTINO CORPORATION NO.
1, A FLORIDA CORPORATION,
FERRENTINO CORPORATION NO.
2, A FLORIDA CORPORATION,
FERRENTINO CORPORATION #5,
A FLORIDA CORPORATION, AND
PETER FERRENTINO,
INDIVIDUALLY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CRYSTAL GIBBS, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendants, FERRENTINO CORPORATION No. 1, a Florida Corporation, FERRENTINO CORPORATION No. 2, a Florida Corporation, FERRENTINO CORPORATION #5, a Florida Corporation, and PETER FERRENTINO, Individually, and alleges:

1. Plaintiff, CRYSTAL GIBBS, was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly and salary paid employee performing crew member

and assistant manager activities within the last three years for Defendants in Pasco County, Florida.

3. Defendants, FERRENTINO CORPORATION No. 1, a Florida Corporation, FERRENTINO CORPORATION No. 2, a Florida Corporation, and FERRENTINO CORPORATION #5, a Florida Corporation, operate and conduct business in, among others, Pasco County, Florida and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, PETER FERRENTINO was an individual resident of the State of Florida, who owned and operated FERRENTINO CORPORATION No. 1, FERRENTINO CORPORATION No. 2, and FERRENTINO CORPORATION #5, and who regularly exercised the authority to: (a) hire and fire employees of FERRENTINO CORPORATION No. 1, FERRENTINO CORPORATION No. 2, and FERRENTINO CORPORATION #5; (b) determine the work schedules for the employees of FERRENTINO CORPORATION No. 1, FERRENTINO CORPORATION No. 2, and FERRENTINO CORPORATION #5; and (c) control the finances and operations of FERRENTINO CORPORATION No. 1, FERRENTINO CORPORATION No. 2, and FERRENTINO CORPORATION #5. By virtue of having regularly exercised that authority on behalf of FERRENTINO CORPORATION No. 1, FERRENTINO CORPORATION No. 2, and FERRENTINO CORPORATION #5, PETER FERRENTINO is an employer as defined by 29 U.S.C. § 201, et seq.

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendants at any time within the past three (3) years within the State of Florida.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant

to 28 U.S.C. §2201 et seq.

7. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants.

8. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated employees, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated employees, for those hours in excess of forty (40) within a work week.

9. During their employment with Defendants, Plaintiff, and those similarly situated employees, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

10. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

11. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated employees, are in the possession and custody of Defendants.

**RECOVERY OF OVERTIME COMPENSATION**

12. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per

work week. During their employment with Defendants, Plaintiff, and those similarly situated employees, worked overtime hours but were not paid time and one-half compensation for same.

14. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

15. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CRYSTAL GIBBS, and all other similarly situated employees, demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __19th__ day of March, 2009.

_____
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff