**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CRYSTAL GIBBS,**

   **Plaintiff,**

**vs.**               **Case No.: 8:09-cv-575-T-33TGW**

**FERRENTINO CORPORATION NO. 1,**
*et al.*,

   **Defendants.**
_____/

**ORDER**

   This matter is before the Court as a result of the Clerk's Entries of Default (Doc. 9-12) entered against Defendants and Plaintiff's Motion for Default Judgment (the "Motion," Doc. 13) with accompanying exhibits.

   In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir.2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) (Because "this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985). Given their failure to appear in this case, Defendants are entitled to no further notice at this time antecedent to entry of default judgment. See Rule 55(b)(2) (defaulted defendant is entitled to notice of

request for default judgment only if defendant has appeared in the action).

A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); see also Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd., 218 F.Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997).

Review of the Complaint (Doc. 1), establishes that it contains facts sufficient to establish a claim for relief for unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). The Motion also contains a detailed synopsis of the relevant facts.

While well-pleaded facts in the complaint are deemed admitted, a plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla.1999); see also Anheuser Busch, Inc.

v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record); Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); Patray v. N.W. Pub., Inc., 931 F.Supp. 865, 869-70 (S.D. Ga.1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment). "The trial judge, sitting without a jury, has considerable latitude in determining the amount of the damages." Id. at 870.

Plaintiff attached a Declaration (Doc. 13, Ex. A) to the Motion setting forth the amount of wages Plaintiff claims she is owed. Specifically, Plaintiff seeks unpaid overtime wages totaling $2,589.00 inclusive of liquidated damages. Plaintiff also seeks recovery of attorneys' fees, which is authorized under the FLSA. Plaintiff incurred $639.40 in fees, of which $570.00 are recoverable (Doc. 13, Ex. B). In total, Plaintiff seeks an award of $3,159.00 from Defendants. Counsel for Plaintiff certifies that he has fully reviewed the costs records and supporting data (Doc. 13 at p. 5).

Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** as follows:

The Motion for Default Judgment (Doc. 13) is **GRANTED**. Final judgment by default is entered against Defendants, in the liquidated amount of $3,159.00. The Clerk is

directed to enter judgment accordingly. The Clerk is further directed to mail a copy of this Order to Defendants at the address at which service of process was effected and **CLOSE** this case.

**DONE** and **ORDERED** from Chambers in Tampa, Florida, on this 30th day of July 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record

4